# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| JOSÉ G. NÁTER OCASIO<br><br>Plaintiff,<br><br>V.<br><br>X-SQUARE CAPITAL, LLC<br><br>Defendant. | Civil No.:<br><br>Re: Alleged Wrongful Discharge, Breach of Contract, Salary and Wages, Complaint filed in the First Instance Court of Puerto Rico, San Juan Part. Civil No. KPE2016-1288 (906) |

## NOTICE OF REMOVAL

TO THE HONORABLE COURT:

COMES NOW the defendant, X-SQUARE CAPITAL, LLC (hereinafter referred to as "X-Square"), through the undersigned attorneys, and, very respectfully, states and prays:

X-Square removes this action, now pending in the courts of the Commonwealth of Puerto Rico, Court of First Instance, San Juan Part, Case No. KPE2016-1288 (906), to the United States District Court for the District of Puerto Rico. As grounds for the removal, X-Square states as follows:

1. The plaintiff, José G. Náter Ocasio (hereinafter referred to as "plaintiff" or "Náter"), filed this civil action on May 3, 2016 in the Court of First Instance of the Commonwealth of Puerto Rico, San Juan Part (Tribunal de Primera Instancia, Sala de San Juan), where the case is captioned <u>José G. Náter Ocasio v. X-Square Capital, LLC.</u>, Civil No. KPE2016-1288 (906). Plaintiff's Complaint seeks remedies, based on the alleged breach of his employment contract, unjust dismissal, retaliation, and salaries and wages, amounting to more than $271,633.70, pursuant to

state and federal law. A true and authentic copy of the original Complaint in the Spanish language is attached as **Exhibit A**.

2. X-Square is a financial advisory firm, which offers investment advisory services and a select number of managed accounts, and which is continuously engaged in interstate commerce.

3. X-Square was served with a copy of the Summons and Complaint on May 3, 2016. A true and authentic copy of the original summons in the Spanish language is attached as **Exhibit B**.[1]

4. On May 18, 2016, X-Square filed its Answer to the Complaint[2] in the Court of First Instance of the Commonwealth of Puerto Rico (Tribunal de Primera Instancia, San Juan Part). A true and authentic copy of the Answer to Complaint in the Spanish language is attached as **Exhibit E**.

5. Removal of the Complaint filed in state court is appropriate in this case, because plaintiff's Complaint raises claims under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, and 29 CFR part 541. Therefore, plaintiff's Complaint raises a federal question.

6. A case may be removed to federal court if it presents a "claim or right arising under the Constitution, treatises or laws of the United States." 28 U.S.C. § 1441(b). Furthermore, unless otherwise expressly provided by Act of Congress, any civil action brought in a state court over which the district courts of the United States have original jurisdiction may be removed by the defendant to the District Court of the United States. 28 USC § 1441(a).

---

[1] This Notice of Removal is timely pursuant to 28 USC §1446, as this Notice is being filed within 30 days of defendant's receipt of the Complaint.

[2] Defendant filed a motion for extension of time to answer the Complaint on May 4, 2016, which was granted by the Court. A true and authentic copy of defendant's motion and the Court's Order are attached in their original Spanish language as **Exhibit C and Exhibit D**, respectively.

7. The FLSA is a federal statute that prescribes standards for public and private sector employment conditions, including wages and overtime pay. 29 U.S.C. §§ 201.

8. The First Circuit and the Supreme Court of the United States have unequivocally held that an FLSA action originally brought in state court may be removed to federal court. *See*, Breuer v. Jim's Concrete of Brevard, Inc., 538 U.S. 691 (2003); Cosme Nieves v. Deshler, 786 F. 2d 445 (1st Cir. 1986). In so holding, the Supreme Court has reasoned that nothing in the FLSA or 28 USC § 1441 expressly prohibit removal of FLSA actions to federal court and, thus, removal of an FLSA claim is proper. Breuer, *supra*, at 694-695. Specifically, in Breuer, the Supreme Court stated the following:

> **The FLSA provides that an action "may be maintained ... in any Federal or State court of competent jurisdiction," 29 U.S.C. § 216(b), and the district courts would in any event have original jurisdiction over FLSA claims under 28 U.S.C. § 1331, as "arising under the Constitution, laws, or treaties of the United States," and § 1337(a), as "arising under any Act of Congress regulating commerce."** Removal of FLSA actions is thus prohibited under § 1441(a) only if Congress expressly provided as much.
>
> **Nothing on the face of 29 U.S.C. § 216(b) looks like an express prohibition of removal**, there being no mention of removal, let alone of prohibition. While § 216(b) provides that an action "may be maintained ... in any ... State court of competent jurisdiction," the word "maintain" enjoys a breadth of meaning that leaves its bearing on removal ambiguous at best. "To maintain an action" may mean "to continue" to litigate, as opposed to "commence" an action Black's Law **1885 Dictionary 1143 (3d ed.1933). But "maintain" in reference to a legal action is often read as "bring" or "file"; "[t]o maintain an action or suit may mean to commence or institute it; the term imports the existence of a cause of action." *Ibid.;* see 1A J. Moore et al., Moore's Federal Practice ¶ 0.167[5], p. 472 (2d ed.1996)(calling the " 'may be maintained' " language an "ambiguous phrase" and "certainly not an express provision against removal within the meaning of § 1441"); 14C C. Wright, A. Miller, & E. Cooper, Federal Practice and Procedure § 3729, p. 235 (1998)(referring to "use of the ambiguous term 'maintain' in the statute").
>
> [….]

3

> When Congress has "wished to give plaintiffs an absolute choice of forum, it has shown itself capable of doing so in unmistakable terms." *Cosme Nieves,* 786 F.2d, at 451. It has not done so here. (Emphasis added).

Breuer, 538 U.S. at 694-95; 697.

9. Relevant to the Notice of Removal, plaintiff alleges the following in his Complaint:

> 58. The plaintiff began working for X-Square, without a written contract, on July 1, 2013.
>
> 59. The plaintiff did not earn monthly salaries for his work with X-Square during the months that he was without a written contract; from July 1st to August 7, 2013.
>
> 60. Due to the plaintiff being a professional exempt employee by definition, the provisions of the Fifth Revision of Regulation No. 13, adopted by the Department of Labor and Human Resources of Puerto Rico in 2005 **in conformity with section 13(a)(1) of the Fair Labor Standards Acts (by its acronym in English), as defined in the regulations, 29 CFR, Part 541, apply to him**.
>
> 61. Such regulation requires that the professional exempt employee receive a compensation, based on his/her salary or fees, of no less than $455.00 per week, excluding meal pay, housing or other services.
>
> 62. As such, X-Square owes the plaintiff a sum of no less than $2,457.00, corresponding to the weeks worked and not paid, from July 1st to August 7, 2013.  (Our translation) (Emphasis ours).

10. In order to determine whether a case presents a federal 'claim or right,' "a court is to ask whether the plaintiff´s claim to relief rests upon a federal right, and the court is to look only to *plaintiff's complaint* to find the answer." Rosselló-González v. Calderón-Serra, 398 F.3d 1, 10 (1st Cir. 2005) *citing* Hernández-Agosto v. Romero-Barceló, 748 F.2d 1, 2 (1st Cir. 1984).

11. Considering the allegations and the remedy requested in the Complaint, it is clear that plaintiff's claim under the FLSA raises a federal question and that removal of the Complaint filed in state court is warranted.

12. In his Complaint, plaintiff essentially alleges that he is an exempt "professional" as defined by Regulation No. 13 of the Puerto Rico Department of Labor, the FLSA and 29 CFR part

4

541. Furthermore, plaintiff claims that, because he is "exempted" as a "professional" under Regulation No. 13 of the Puerto Rico Department of Labor, the FLSA and 29 CFR part 541, the minimum compensation he should receive for the period of July 1st to August 7, 2013, during which he allegedly did not receive any salary, is $455.00 per week.

13. It so follows that the Court will necessarily have to analyze and interpret the meaning of an exempt "professional" under the FLSA, a federal law, and 29 CFR part 541, a federal regulation, in order to determine whether plaintiff fits within such definition. Likewise, the Court will have to determine whether such federal law and regulation provide plaintiff a right to the relief he seeks, that is, $455.00 per week for the period of July 1st to August 7, 2013. In sum, it is clear that plaintiff's right to the remedies sought in his Complaint rests upon the Court's interpretation of a federal law and regulation.

14. Consequently, removal of this civil action is proper because this Honorable Court has original jurisdiction over the same, pursuant to 28 USC §1331, and defendant is entitled to remove it to this Court, pursuant to 28 USC § 1441(a).

15. The only papers, pleadings, or orders that have been served upon the defendant in this case are the Summons and Complaint. Copies of such documents are hereby attached in their original Spanish language version as **Exhibit A** and **Exhibit B**, respectively. In addition, defendant has attached copy of the Motion for Extension of time to Answer Complaint, the Court Order granting defendant's motion, and the Answer to Complaint filed in state Court on May 18, 2016 in their original Spanish language version as **Exhibit C, Exhibit D**, and **Exhibit E**, respectively.

16. On this date, X-Square will file a motion in the First Instance Court of Puerto Rico, San Juan Part, informing the state court of the filing of this notice of removal.

**WHEREFORE**, X-Square gives notice of the removal of this action pursuant to Sections 1441 and 1446 of Title 28, United States Code, and requests that this cause of action proceed before this Court as an action properly removed.

**RESPECTFULLY SUBMITTED**.

**WE HEREBY CERTIFY** that on May 20, 2016, a true and exact copy of this document was served via certified mail, return receipt requested and via email, to: Pablo R. Álvarez Sepúlveda, Esq. and Angelik Rodríguez Maldonado, Esq., 101 Avenida San Patricio, Suite 910, Guaynabo, Puerto Rico, 00968, alvarezp_lp@yahoo.com, lcda_arodriguez@hotmail.com; and that the same was filed in the First Instance Court, San Juan Part, Case No. K AC2015-1078 (905).

In San Juan, Puerto Rico, this 20th day of May, 2016.

    s/Enrique R. Padró-Rodríguez
    Enrique R. Padró-Rodríguez, Esq.
    USDC-PR No. 219602

    s/Nicole Rodríguez-Ugarte
    Nicole Rodríguez-Ugarte, Esq.
    USDC-PR No. 230612

    **FIDDLER GONZÁLEZ & RODRÍGUEZ, PSC**
    Counsel for defendant
    P.O. Box 363507
    San Juan, PR  00936-3507
    Tel. (787) 759-3137/3127
    Fax: (787)250-7565
    epadro@fgrlaw.com
    nrodriguez@fgrlaw.com

#1001114/6807-003